UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATALCO GRAMERCY LLC**<br>    Plaintiff<br><br>**VERSUS**<br><br>**GNOTS-RESERVE, INC.,** *in personam,* **and the Tug M/V BURRWOOD-WISE, her engines, rigging, equipment, tackle, etc.,** *in rem*<br>    Defendants | **CIVIL ACTION NO.**<br><br>**JUDGE _____; SECTION " "**<br><br>**MAGISTRATE JUDGE _____**<br><br>**DIVISION " "** |

### ORIGINAL VERIFIED COMPLAINT IN ADMIRALTY

**NOW INTO COURT**, through undersigned counsel, comes Atalco Gramercy LLC ("Atalco") as owner/operator of the Bauxite and Caustic Docks and attached structures, walkways, and dolphins (collectively, the "Facility") at Atalco's Gramercy alumina refining facility ("Gramercy Refinery") located at 1111 East Airline Highway, Gramercy, Louisiana 70052, and for its Verified Complaint in admiralty against Gnots-Reserve, Inc. ("Gnots"), *in personam,* and its tug the BURRWOOD WISE, her engines, rigging, equipment, tackle, etc., *in rem*, alleges upon information and belief as follows:

### JURISDICTION & VENUE

**1.**

This is an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and is within the original and exclusive jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333.

**2.**

Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), as Gnots resides in this judicial District, and pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to Atalco's claims occurred in this District, and a substantial part of property that is the subject of the action is located in this District.  Further, on information and belief, the BURRWOOD WISE is and/or will be located in this District at the time of the filing of this Verified Complaint and thus venue is proper pursuant to Rule C.

### THE PARTIES[1]

**3.**

Atalco Gramery LLC is a Delaware limited liability company with its principal place of business in Gramercy, Louisiana, and at all pertinent times, was the owner and operator of the Gramercy Refinery, the offices of which are located in Gramercy, St. James Parish, Louisiana; and the property and Facility of which span parts of both St. James Parish and St. John the Baptist Parish.  Atalco's sole member, Atalco, LLC, is domiciled in Delaware.

**4.**

*In personam* Defendant, Gnots-Reserve, Inc. is a Louisiana corporation with its principal place of business in St. Rose, Louisiana (St. Charles Parish).

**5.**

*In rem* Defendant tug BURRWOOD WISE (Mobile Service Identities number 368129630 and United States Coast Guard Doc. No. 1300856), is a 2020 sixty-four-foot, 108-gross tonnage towing vessel owned and operated at all times pertinent by Gnots.

---

[1] Atalco reserves the right to amend its Complaint, including adding as defendants any potentially responsive insurance companies.

## FACTUAL ALLEGATIONS

**6.**

A few seconds after approximately 1347 hours on December 7, 2022, the BURRWOOD WISE was maneuvering a non-motive crane barge, the ALEX G, from its location at the Facility to Atalco's downstream Alumina Dock. While controlling the ALEX G, the BURRWOOD WISE, as the dominant mind towing vessel, pushed the barge into the outboard/riverside portions of the walkways and a dolphin comprising part of the Caustic Dock at Atalco's Facility (the "Allision"), causing extensive damage to the Caustic Dock structures of the Facility.

**7.**

The Caustic Dock structures damaged in the Allision were in fully functional condition for their purposes at the time of the Allision. Moreover, the outboard/riverside structures of the Caustic Dock that were struck and damaged in the Allision were not intended for barge mooring, berthing or docking of any kind, and the damaged dolphin was no longer utilized for ship mooring as it was originally designed for.

**8.**

As a result of the Allision, the Facility requires extensive repairs, and Atalco has incurred engineering fees and other costs to procure a repair plan for the Facility. Further, in order to continue operations at the Facility despite the damages caused by the Allision, Atalco has been forced to incur additional costs hiring supplemental tugs to safely hold barges in place during discharge operations (in order to mitigate its damages).

**9.**

The Allision occurred during daylight hours, in clear weather with no rain or fog.

**10.**

Atalco does not have any contracts with Gnots relative to Gnots' services at the Facility.

**11.**

The Allision was in no way caused or contributed to by any action/inaction, fault, neglect, or want of care on the part of Atalco or anyone for whom Atalco was responsible, nor by any condition of the Facility, and Atalco exercised due care and compliance with all applicable laws and regulations with respect to the Facility given its characteristics and all relevant facts and circumstances.

**12.**

Repair costs for the Facility are currently estimated to exceed $990,000.00, not including engineering fees, survey boat charges, or permitting costs.

**13.**

Further, Atalco has incurred, and will continue to incur, consequential damages as a result of the destruction of the Facility, including without limitation, lost income and profits, the continuing costs of supplemental tug assistance at the Facility, as well as additional engineering and permitting costs as well as attorneys' fees and costs and other damages to be identified at the trial of this matter.

**COUNT 1:    GENERAL MARITIME LAW NEGLIGENCE AND UNSEAWORTHINESS; *PENNSYLVANIA & OREGON* RULES; GROSS NEGLIGENCE**

**14.**

Atalco re-alleges and re-avers Paragraphs 1-13 of its Verified Complaint as if copied here *in extenso*.

**15.**

The Allision was solely and proximately caused by the negligence, negligence *per se* and/or other fault of the crew of the BURRWOOD WISE as the dominant mind towing vessel, and/or Gnots; and/or the unseaworthiness of the BURRWOOD WISE; all of which negligence

and unseaworthiness was at all pertinent times within the privity and knowledge of Gnots; including without limitation (on information and belief) in the following particulars (all of which Atalco reserves the right to amend/supplement after discovery in this matter) that will be shown at trial:

- The BURRWOOD WISE was manned by an inadequately trained, improperly licensed and/or improperly skilled crew;

- The BURRWOOD WISE was improperly manned in violation of applicable USCG regulations;

- The crew of the BURRWOOD WISE violated numerous provisions of the Inland Rules (33 C.F.R.§§83.01 *et seq.*; 33 U.S.C. §2071), including without limitation Rule 5 (33 C.F.R. §83.05, "Lookout Rule"); Rule 6 (33 C.F.R. §83.06, "Safe Speed to avoid Collision/Allision"); Rule 7 (33 C.F.R. §86.07, "All Available Means to avoid Collision/Allision"); Rule 8 (33 C.F.R. §86.08, "Action to Avoid Collision/Allision");

- The BURRWOOD WISE was improperly equipped;

- The crew of the BURRWOOD WISE failed to (or failed to properly) consult relevant charts, electronic charts, and/or radar and other allision-avoidance equipment, and/or failed to adequately utilize a proper voyage plan and/or available equipment/systems for voyage planning and allision-avoidance;

- The crew of the BURRWOOD WISE violated applicable provisions of Gnots' Towing Safety Management System and/or other regulations;

- The crew of the BURRWOOD WISE were careless, improperly trained, incompetent and/or inattentive to their duties, all in violation of applicable navigational rules and other statutes and regulations;

- The crew of the BURRWOOD WISE failed to maintain a proper watch, and failed to navigate the barge at a safe speed and/or with assistance of available onboard systems to avoid the Allision or to allow a complete stop or evasive maneuvers within the limits of visibility/radar range;

- The crew of the BURRWOOD WISE failed to maintain a proper lookout under the circumstances, visually, by radar, and/or otherwise;

- The owners and managers of Gnots failed to properly inspect and maintain the BURRWOOD WISE, failed to ensure that the BURRWOOD WISE was properly and sufficiently equipped and crewed with properly trained individuals capable of performing operations and/or failed to take all actions

    necessary to ensure that the BURRWOOD WISE was seaworthy at all pertinent times;

- The BURRWOOD WISE lost control of the barge and its course;

- The crew of the BURRWOOD WISE failed to do what should have been done to avoid the Allision and/or to minimize or reduce the effect of the Allision;

- The crew of the BURRWOOD WISE disregarded basic principles of good seamanship;

- The BURRWOOD WISE and/or the crew of the BURRWOOD WISE failed to exercise reasonable care in the circumstances.

**16.**

Further, given that the above-alleged negligence and fault of Gnots, and/or the crew of the BURRWOOD WISE, and/or unseaworthiness of the BURRWOOD WISE resulted in the Allision of the barge controlled by BURRWOOD WISE (as the dominant mind towing vessel) with the Facility, the rule of *The Oregon* applies in this matter to create a rebuttable presumption of breach of duty and fault that shifts the burden of production and persuasion to the BURRWOOD WISE, which caused a barge under its control to allide with the Facility, a stationary object. *The Oregon*, 158 U.S. 186, 197 (1895).

**17.**

Likewise, given the above-alleged violations by Gnots and/or the crew of the BURRWOOD WISE and/or the BURRWOOD WISE (as the dominant mind towing vessel), the rule of *The Pennsylvania* applies in this matter to create the presumption that such fault, if not the sole cause, was at least a contributory cause of the Allision; and the burden rests upon Gnots to show not merely that its fault (and/or that of the crew of the BURRWOOD WISE and/or the unseaworthiness of the BURRWOOD WISE) might not have been one of the causes, or that it probably was not, but that it could not have been. *The Steamship Pennsylvania v. Troop,* 86 U.S. 125 (1873).

**18.**

As a result of the non-exclusive acts of negligence and/or unseaworthy conditions alleged above (and within Gnots' privity and knowledge) that proximately and solely caused the Allision, Atalco has incurred and will incur the following damages, including but not limited to:

- costs for repair of the Facility resulting from the Allision, including engineering, surveying, and permitting fees;

- costs of destruction to and/or repair/rebuilding of the Facility;

- supplemental and increased tug charges (which totaled $453,7250.22 as of July 9, 2023 and continue to be incurred)

- pre-judgment and post-judgment interest pursuant to the general maritime law and on all damages awarded;

- attorney's fees as may be recoverable pursuant to any applicable contract, statute and/or the general maritime law;[2]

- other damages to be proven at the trial of this matter.

**19.**

Further, the negligence of Gnots as the owner and operator of the BURRWOOD WISE in proximately causing the Allision was so gross, reckless, willful, wanton and egregious as to warrant punitive damages pursuant to the general maritime law.

**20.**

Accordingly, Atalco seeks recovery of all of the above-alleged damages and all other damages to be proven at the trial of this matter, together with all other relief to which Atalco is entitled at law or in equity.

**21.**

---

[2] *See Moench v. M/V SALVATION,* No. CIV.A. 12-1536, 2015 WL 1893445, at *7 (W.D. La. Apr. 24, 2015), *aff'd sub nom. Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.,* 838 F.3d 586 (5th Cir. 2016).

Further, Gnots is not entitled (and any insurers ultimately named in this action are not entitled) to limitation of and/or exoneration from liability pursuant to the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq*).

**COUNT 2:   MARITIME LIEN**

**22.**

Atalco re-alleges and re-avers Paragraphs 1-21 of its Verified Complaint as if copied here *in extenso.*

**23.**

Atalco has a maritime lien *in rem* against the BURRWOOD WISE for damages caused by the Allision, pursuant to the general maritime law as a result of the BURRWOOD WISE's unseaworthiness, and/or the fault of its crew and/or Gnots, in causing the Allision. *See El Paso Prod. Gom, Inc. v. Smith*, 2009 WL 2990494, at *3 (E.D. La. Apr. 30, 2009) ("When an allision occurs, a maritime lien attaches to the vessel at fault, and the vessel is liable *in rem*.").

**24.**

Accordingly, Atalco seeks to enforce its maritime lien *in rem* against the BURRWOOD WISE pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE**, Atalco prays:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue *in rem* against the BURRWOOD WISE, citing her to appear and answer under oath all, and singular, the matters, alleged in this Verified Complaint;

B. That a warrant for the arrest of the BURRWOOD WISE be issued upon Atalco's request, and that the vessel in turn be seized by the U.S. Marshal to be held as security against any judgment to be entered herein *in rem* against the BURRWOOD WISE;

C. That after due proceedings, judgment be entered in favor of Atalco against the BURRWOOD WISE, *in rem*, for all damages, supplemental tug charges, engineering fees, permitting and survey fees, and attorney's fees and costs incurred by Atalco as a result of the Allision; as well as pre- and post-judgment interest;

D. That after due proceedings, judgment be entered in favor of Atalco against Gnots, *in personam*, for all damages, including punitive damages, supplemental tug charges, engineering fees, permitting and survey fees, and attorney's fees and costs incurred by Atalco as a result of the Allision; as well as pre- and post-judgment interest;

E. That the BURRWOOD WISE, her engines, tackle, furniture, equipment, apparel, appurtenances, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Atalco out of the proceeds of the said sale, the full amount of its damages, supplemental tug charges, engineering fees, permitting and survey fees, and attorney's fees and costs incurred by Atalco as a result of the Allision; as well as pre- and post-judgment interest;

F. That process in due form of law in accordance with the practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Gnots *in personam*, citing Gnots to appear and answer under oath the allegations of this Verified Complaint;

G. For such other, further and different relief, in law or in equity, as this Court may deem proper.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**

By: /s/ Christopher M. Hannan
**CHRISTOPHER M. HANNAN (#31765)**
**LAUREN E. BURK (#34470)**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
Email: channan@bakerdonelson.com
          lburk@bakerdonelson.com

*And*

**BRENT HICKS (#23778)**
II Rivermark Centre
Baton Rouge, Louisiana 70801
450 Laurel Street, 21st Floor
Telephone: (225) 381-7030
Facsimile: (225) 343-3612
Email: bhicks@bakerdonelson.com

*Attorneys for Atalco Gramercy LLC*