**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ATALCO GRAMERCY, LLC**                          **CIVIL ACTION**

**V.**                                            **NO. 23-7195**

**GNOTS-RESERVE, INC. &**                         **SECTION: C (3)**
**M/V BURWOOD WISE**

**ORDER AND REASONS**

Before the Court is a <u>Motion in Limine to Strike and Exclude Expert Ronald Campana</u> (R.

Doc. 72) filed by plaintiff, Atalco Gramercy, LLC. The motion is **DENIED**.

**I.    BACKGROUND**

This matter arises from an allision on December 7, 2022, while the tug M/V BURRWOOD

WISE was maneuvering a crane barge, the ALEX G, at a docking facility owned by Atalco.[1]

During this maneuver, the ALEX G made contact with a dock.[2] An employee of defendant, Gnots

Reserve, Inc., was operating the tug.  Atalco brought this action seeking recovery for the resulting

property damage.[3]

Gnots retained Captain Ronald L. Campana to offer opinions on (1) the structural condition

of the dock and the absence of a functional fendering system;[4] (2) the custom and practice of

fendering marine docks on the lower Mississippi River;[5] and (3) the applicability of the U.S. Inland

Navigation Rules to the movement of the ALEX G.[6] Atalco moves to strike Captain Campana's

report and testimony.[7]

---

[1]    *See* R. Doc. 73-1; R. Doc. 82-2; R. Doc. 84-1.
[2]    *See* R. Doc. 73-1; R. Doc. 82-2; R. Doc. 84-1.
[3]    R. Doc. 1.
[4]    R. Doc. 72-1 at 12.
[5]    R. Doc. 72-1 at 9-10.
[6]    R. Doc. 72-1 at 10-11.
[7]    R. Doc. 72-2.

## II.      LEGAL STANDARD

Rule 702 permits a qualified expert to offer opinion testimony based on sufficient facts or data, reliable principles and methods, and reliable application of those methods to the facts of the case. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Challenges to the factual bases of an expert's opinion ordinarily go to weight, not admissibility, and are properly addressed through cross-examination. *See, e.g.*, *Tyler v. Union Oil Co. of Ca.*, 304 F.3d 379, 392-93 (5th Cir. 2002) (holding that a challenge to the factual foundation of an expert's opinion "goes to probative weight rather than to admissibility"). A motion in limine should be granted only where the evidence is inadmissible on all potential grounds. *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).

## III.     DISCUSSION

Captain Campana has 42 years of experience surveying vessels and marine terminals in the New Orleans area. Prior to his surveying career, and after graduating from the United States Merchant Marine Academy, he spent ten years as an officer aboard vessels mooring at comparable facilities.[8] His experience qualifies him to give opinions in this case. *Kittrell v. Ensco Offshore, LLC*, No. CV 24-2947, 2026 WL 265612, at *4 (E.D. La. Feb. 2, 2026). The challenges to his opinions in this judge-tried case are better directed to the weight of the evidence, not to exclusion of it. The risk of prejudice that animates exclusion of expert testimony in the jury context is not present here. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

---

[8]      R. Doc. 72-1 at 14.

**IV.    CONCLUSION**

**IT IS ORDERED** that Atalco's Motion in Limine to Strike and Exclude Expert Ronald Campana (R. Doc. 72) is **DENIED**.

New Orleans, Louisiana, this 10th day of April, 2026.

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE