**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ATALCO GRAMERCY, LLC**                                      **CIVIL ACTION**

**V.**                                                        **NO. 23-7195**

**GNOTS-RESERVE, INC. &**                                     **SECTION: C (3)**
**M/V BURWOOD WISE**

**ORDER & REASONS**

Before the Court is a <u>Motion for Summary Judgment</u> (R. Doc. 73) filed by third-party

defendants, Associated Marine Equipment, LLC and Associated Terminals Pangea Logistics,

LLC's ("Associated"). The motion is **DENIED**.

**I.      BACKGROUND**

This matter arises from an allision on December 7, 2022 while the tug M/V BURRWOOD

WISE was maneuvering a crane barge, the ALEX G, at a docking facility owned by Atalco.[1]

During the maneuver, the ALEX G made contact with a dock.[2] An employee of defendant, Gnots

Reserve, Inc. was operating the tug.  Atalco brought this action against Gnots seeking recovery for

the resulting property damage.[3] Gnots third-partied Associated alleging fault for the allision.

Associated moved for summary judgment dismissing all claims against it.[4] However, the

court is informed that Atalco's claims against Associated have been resolved, making the motion

moot as to them. The remaining claims relate to Gnots third party demand which essentially asserts

fault on the part of Associated. Associated argues: (1) it cannot be liable to Gnots under the

dominant mind doctrine because it had no operational control over the ALEX G at the time of the

---

[1]    *See* R. Doc. 73-1; R. Doc. 82-2; R. Doc. 84-1.
[2]    *See* R. Doc. 73-1; R. Doc. 82-2; R. Doc. 84-1.
[3]    R. Doc. 1.
[4]    R. Doc. 73.

allision; (2) Gnots cannot establish the fendering system of the ALEX G was negligently designed; and (3) Atalco's contractual indemnity claim fails because Associated was not performing "services" under the stevedoring agreement at the time of the allision.[5]

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the record in the light most favorable to the non-moving parties and draw all reasonable inferences in their favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Conclusory allegations, speculation, and unsubstantiated assertions do not create a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Where the non-movant bears the burden of proof at trial, the movant may satisfy its summary judgment burden by pointing to the absence of evidence supporting the non-movant's case, shifting the burden to the non-movant to present competent summary judgment proof demonstrating a genuine dispute of material fact. *Id.* at 322; *see also Moody v. Jefferson Parish Sch. Bd.*, 2 F.3d 604, 606 (5th Cir. 1993).

Under general maritime law, a negligence claim requires proof of (1) a duty owed; (2) breach of that duty; (3) causation; and (4) damages. *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991); *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989). The standard of care in admiralty is one of ordinary care under the circumstances, informed by statutes, regulations, maritime custom, and general negligence principles. *Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987).

---

[5]    *Id.* at 6–13.

### III.    ANALYSIS

#### A.    Gnots' Negligent Design Claim

Associated invokes the dominant mind doctrine, which provides that only the vessel in control of a tug-and-tow operation is liable, even if the entire tow causes the alleged damage. *Plains Pipeline, L.P. v. Great Lakes Dredge & Dock Co.*, 54 F. Supp. 3d 586, 589 (E.D. La. 2014). The doctrine is a fault-allocation tool for navigational incidents. *Cont'l Ins. Co. v. L&L Marine Trans., Inc.*, 882 F.3d 566, 574 (5th Cir. 2018). It does not extinguish the duty a barge owner owes to tender a seaworthy vessel. *See* 2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 12-3 (6th ed. 2018) (tow owner independently warrants seaworthiness of vessel tendered for towage). Because Gnots claims a design defect independent of Gnots' navigational decisions, the dominant mind doctrine does not support summary judgment.

On the merits, Gnots relies on Robert Bartlett, a licensed engineer, who opines that the ALEX G fender was capable of hooking the dock rather than deflecting contact, thus, the barge was designed defectively and was unseaworthy.[6]    Associated responds with Brandon Taravella, Ph.D., P.E., who opines that the ALEX G's tire-fender system was customary and standard[7] The competing opinions on the adequacy of the barge's fender design present genuine issues of material fact that preclude summary judgment. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Associated's argument that the tug captain's knowledge of the fender system eliminates the design defect claim also fails at summary judgment. The captain testified he knew the tires were fixed to the barge with a pipe. Whether that knowledge is sufficient to negate all or part of the fault that could attach to Associated's alleged design defect is a question best reserved for trial.

---

[6]    R. Doc. 82-1 at 12, 14–15.
[7]    R. Doc. 73-6 at 3-6.

**IV.    CONCLUSION**

**IT IS ORDERED** that the <u>Motion for Summary Judgment</u> filed by third-party defendants Associated Marine Equipment, LLC and Associated Terminals Pangaea Logistics, LLC (R. Doc. 73) is **DENIED.**

New Orleans, Louisiana, this 10th day of April, 2026.

_____

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE